STATE ex CROTTY v ZANGERLE et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17436.  Decided July 8, 1940.

John J. Tetlow, Cleveland; John J. Sheehan, Cleveland; John J. Kennedy, Cleveland; Wesley L. Grills, Lorain; Ray T. Miller, Cleveland, and Don C. Miller, Cleveland, for appellant and appellee.

Frank T. Cullitan, Pros. Atty., Cleveland, and Saul S. Danaceau, Asst. Pros. Atty., Cleveland, for appellees and appellants.

ROSS, PJ. (1st Dist), and DOYLE, J., and STEVENS, J., (9th Dist), sitting by designation.

## OPINION

By STEVENS, J.

This cause, which involves only the question of the amount to be allowed as reasonable attorney fees to counsel for plaintiff under the provisions of §2923 GC, is before this court as an appeal on questions of law by the plaintiff, and an appeal on questions of law by the defendants.

The original suit, which terminated favorably to the plaintiff by judgment of the Supreme Court of Ohio (See **State ex Crotty v Zangerle, Auditor et, 133 Oh St 532**), challenged the constitutional validity of the Ogrin act (§2590-1 GC).

After trial on the merits, the trial judge reserved the question of allowance of fees until the termination of the case in the reviewing courts.

When the suit was concluded in the Supreme Court favorably to the contentions of the plaintiff, a hearing, upon application, was had before the trial judge on the subject of fees, and a finding in the amount of approximately $42,500 was made.

Application for a rehearing and reconsideration was then filed, which application was granted by the trial judge.

A communication was then addressed by the trial judge to the acting chief justice of the Court of Common Pleas of Cuyahoga County, wherein he requested that one or more judges be assigned **"to sit in judgment with me on the proposed rehearing** so that the judgment as finally rendered will represent the collective judgment of at least **two or more members of this court,** rather than the discretionary judgment of only one member thereof. * * * I

hereby formally request that you assign two or more members of this court, as you may deem best, to be selected by you, to sit with me in the rehearing of the application of the taxpayer for allowance of his costs and counsel fees * * *." (Emphasis ours).

In response to said communication, the acting chief justice, whose authority to act is not successfully challenged, made the following calendar entry:

"Upon written request of Judge Joy Seth Hurd for assignment of judges to hear and dispose of the question of allowance of counsel fees in this case, same is hereby granted. Judge Alva R. Corlett and Judge Frank J. Lausche are hereby assigned to that duty. Written request of Judge Hurd ordered filed of record. Walter McMahon, Acting Chief Justice."

Thereafter, and without objection by counsel for plaintiff, the matter was submitted on transcript to three judges —the trial judge and the two judges designated by the acting chief justice— and a decision was made by them. The two judges designated by the acting chief justice ordered an allowance of $22,000 as reasonable attorney fees, and $668.70 costs. From that order the trial judge dissented, and allowed, as reasonable attorney fees, $37,500, and $668.70 as costs: both of which allowances were carried into the journal entry of the court.

Notice of appeal "on questions of law and fact and on questions of law" was duly filed by the plaintiff, and a notice of appeal on questions of law was also duly filed by the defendants.

The defendants also filed a motion to dismiss the appeal of the plaintiff on questions of law and fact. That motion came on for hearing before the Court of Appeals of the Eighth District, which court sustained the motion but ordered the case retained as an appeal on questions of law.

Thereafter the plaintiff appealed the judgment on the motion to the Supreme Court—both as of right and by way of motion to certify. The Supreme Court dismissed the appeal as of right (State

ex Crotty, etc. v Zangerle, County Auditor, et, 136 Oh St 256), and on the same day overruled the motion to certify.

But three questions are presented by the appellant who was plaintiff below, although many other assignments of error have been filed but not urged:

1. Was there legal authority for any judge other than the trial judge to participate in the rehearing?

2. If so, can the judgment of a majority of the judges sitting be considered to be the judgment of the court?

3. Was there an abuse of judicial discretion in determining the amount allowed as reasonable compensation for plaintiff's counsel?

The appellants who were the defendants below have urged merely that the amount allowed by the majority of the Common Pleas judges is excessive.

The judges of Cuyahoga County have availed themselves of the right given by statute to select a chief justice of the Common Pleas Court (§1558 GC). That section in part provides that:

"* * * The chief justice of the common pleas court shall have the general superintendence of the business of the court, and shall classify and distribute it among the judges. * * *"

Rule 1 of the rules of the Court of Common Pleas of Cuyahoga County, duly adopted by the judges of that court, provides:

"1. Each judge shall hold separate sessions in the court room to which he is assigned, and transact such business as under the rules of the court is assigned to the room in which he is sitting, and such other business as the chief justice may from time to time transfer to said room."

It is thus apparent that, under both the statutory provision and the rule of the Court of Common Pleas, the chief justice of the Court of Common Pleas of Cuyahoga County is vested with a wide discretion in the classification and distribution of work among the judges of that court. There can be no ques-

tion but that the chief justice could have assigned the application under consideration to any one of the judges sitting in that court. There appears to be no express inhibition contained either in the statutes or the rules of the court preventing more than one judge from sitting in any matter to be considered by the court. Common practice lends the sanction of custom to Common Pleas judges sitting en banc in the consideration of matters of importance, and we hold that the designation by the acting chief justice of three judges to hear the matter under consideration violated no constitutional, statutory or regular provision; that the same came within the scope of the wide discretion vested in the chief justice; and that the three judges, for the purpose of considering the matter before the court, constituted the court and were qualified to hear and determine the matter presented.

In a consideration of the second question, we must recall that, while there is no statutory authorization, except in first degree murder cases and certain special proceedings, for more than one judge to sit in the hearing of a matter to be considered by the Court of Common Pleas, there is likewise no statutory inhibition against such procedure, and that, in the absence of express constitutional or statutory provisions prohibiting the same, it is ordinarily the rule, under our constitutional and statutory provisions, in political as well as judicial matters, that the will of the majority prevails.

We are of the opinion that where the court is composed of three members, possessed of the necessary jurisdiction and legally designated to hear the matter under consideration, the conclusion of a majority of those members must be considered to constitute the judgment of the court.

We find no abuse of judicial discretion in the determination by a majority of the judges sitting upon said court of the amount allowed as reasonable compensation for plaintiff's counsel.

We are of the opinion that the allowance made by the majority of the court was not manifestly against the weight of the evidence, and that the judgment of a majority of the members of the court, as constituted to hear this case, should be affirmed.

It is accordingly so ordered.

ROSS, P. J. and DOYLE, J., concur.